IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **BRANDI MELISSA LITTLE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:13-cv-1475-SLB |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.  INTRODUCTION

On April 16, 2002, the claimant, Brandi Melissa Little, applied for disability insurance benefits under Title II of the Social Security Act. (R. 72.) The Commissioner denied the claim both initially and on reconsideration. (R. 72-83, 91-95.) The claimant filed a timely request before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on January 7, 2013. (R. 30.)

In a decision dated March 6, 2013, the ALJ found that the claimant was not disabled as defined by the Social Security Act. (R. 11.) On June 18, 2013, the Appeals Council denied the claimant's request for review. Consequently, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). (R. 1-4.) The claimant has exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. § 405(g).

Ms. Little was 32 years old at the time of the ALJ's decision, and she has a college degree. (R. 41.) Her past work experience was as a sales clerk, a production assembler, an inventory crew manager, and a fuel truck driver in the military. (R. 66-67.) Ms. Little alleges disability commencing on December 1, 2009, due to post traumatic stress disorder ("PTSD") with agoraphobia, depression, and a mild traumatic brain injury ("TBI"). (R. 13.)

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)) (internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin*, 894 F.2d at 1529; *Allen v. Bowen*, 816 F.2d 600,

602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted)

The court reviews the Commissioner's conclusions of law de novo. *Cornelius,* 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  DISCUSSION

#### A.  THE FIVE-STEP EVALUATION

When evaluating the disability of individuals over the age of 18, the regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for DIB and SSI benefits] if [she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S. C. § 1382c(a)(3)(C)(1); *see also* 42 U.S.C. § 416(i)(1); 42 U.S.C. § 423(d)(1)(A). The specific steps in the evaluation are as follows:

**1. Substantial Gainful Employment**

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987). If the claimant is working and that work is substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). "Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Commissioner of Social Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[1]

The ALJ found that the claimant met the insured status requirements of the Social Security Act during the period from her alleged onset date of December 1, 2009, through her date last insured of June 30, 2012. (R. 13.) He also determined that she had not engaged in substantial gainful activity during that time. (*Id.*)

**2. Severe Impairments**

Because the claimant was not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii), (c);

---

[1] Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

20 C.F.R. § 416.920(a)(4)(ii), (c).  "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3);  42 U.S.C. § 1382c(a)(3)(D).  The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.  We will not consider your age, education, and work experience."  20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c).  "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a); 20 C.F.R. § 416.921(a).  A claimant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1523; 20 C.F.R. § 416.923.  A claimant has the burden to show that she has a severe impairment or combination of impairments.  *Reynolds-Buckley*, 457 F. App'x at 863.

   The ALJ found that the claimant's posttraumatic stress disorder with agoraphobia, depression, and mild traumatic brain injury are considered "severe" based on the requirements set forth in the regulations. (R. 13.)

### 3. The Listings

Because the ALJ found the claimant has severe impairments, the Commissioner must next determine whether the claimant's impairments meet or equal the severity of any one of the listed impairments. 20 C.F.R. Part 404.1520(a)(4)(iii), (d)-(e). Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings]. If the claimant's impairments meet or equal a listing, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). If they do not, the Commissioner must next determine the claimant's residual functional capacity ("RFC"), and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e). Residual functional capacity is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a). The claimant has the burden of proving that her impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 F. App'x at 863.

The ALJ found that the claimant's mental impairments neither meet nor medically equal a Listing. (R. 13.) Specifically, the ALJ found that the claimant had no marked restrictions and no episodes of decompensation of extended duration. (R. 13-14.)

### 4. Residual Functional Capacity and Past Relevant Work

Because the claimant's impairments do not meet or equal a Listing, she must prove that her impairments prevent her from performing her past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f); 20 C.F. R. § 416.920(a)(4)(iv), (f). At step four, the Commissioner "will first compare [his] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work. 20 C.F.R. § 404.1560(b); 20 C.F.R. § 416.960(b). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [her] to learn to do it. 20 C.F.R. § 404.1560(b)(1); 20 C.F.R. § 416.960(b)(1). If the claimant is capable of performing her past relevant work, the Commissioner will find she is not disabled. 20 C.F.R. § 404.1560(e); 20 C.F.R. § 416.920(e). The claimant bears the burden of establishing that the impairment prevents her from performing past work. *Reynolds-Buckley*, 457 F. App'x at 863.

The ALJ did not find the claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms to be entirely credible, and he determined that, prior to June 30, 2012, she had the following residual functional capacity:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand and remember simple instructions. She is capable of performing simple tasks for two-hour increments over an 8-hour shift with routine breaks. She can have contact with supervisors, co-

7

workers and the general public, but it should be casual and non-confrontational.  Changes should be introduced gradually and infrequently.

(R. 16.)  The ALJ specifically found that the claimant could perform her past relevant work as a Production Assembler.  (R. 16-25.)  Therefore, the ALJ found that the claimant was not disabled.

### B.  MS. LITTLE'S CLAIMS

Ms. Little alleges that the ALJ's decision should be reversed and benefits awarded because the ALJ improperly discounted the opinion of her treating psychiatrist, Dr. Huggins, and the disability rating of the Veterans Administration.   (Doc. 4 at 9.)

**1.  Dr. Huggins**

Ms. Little first contends that Dr. Huggins's opinion as stated in a Mental Residual Functional Capacity Assessment ("MRFCA") completed on October 5, 2012, establishes that she is disabled. (Doc. 4 at 11.) In the MRFCA, Dr. Huggins indicated Ms. Little had markedly limited ability to do eighteen of twenty listed basic mental work-related functions. ( R. 530-532.)  He also indicated that she met most of the criteria in Listing 12.04 (affective disorders) and 12.06 (anxiety related disorders), which would render her disabled.  (R. 524-532.)

A physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." 20 C.F.R. §§ 404.1527(d), 416.927(d); and *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations

omitted).  "Good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (*citing Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

      The regulations also require that an ALJ consider the opinions of non-examining physicians.  20 C.F.R. § 404.1527(f).  "The weight due to a non-examining physician's opinion depends, among other things, on the extent to which it is supported by clinical findings and is consistent with other evidence.  *Jarrett v. Commissioner of Social Security*, 422 F. App'x 869, 873 (11th Cir. 2011).  The Court must also be aware of the fact that opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."  20 C.F.R. §§ 404.1527(e), 416.927(d).  The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her]

condition." *Lewis*, 125 F.3d at 1440.  Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. *See, e.g.,* 20 C.F.R. § 404.1546(c).

Contrary to Ms. Little's contention, the ALJ correctly applied the law and articulated multiple reasons for declining to give Dr. Huggins's opinion controlling weight.  At the outset, the court notes that Dr. Huggins's finding that claimant's impairments meet listings 12.04 for affective disorder and 12.06 for anxiety-related disorders (Exhibit 7F), amounts to an "opinion[] on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case," and the finding is, therefore, not a medical opinion.  20 C.F.R. §§ 404.1527(e), 416.927(d).  The ALJ also found that Dr. Huggins's progress notes do not contain a comprehensive psychiatric evaluation or mental status exam.  (R. 13.)  Moreover, the ALJ found that Dr. Huggins's opinion is not consistent with medical records, which show no psychiatric hospitalizations and "only conservative mental health treatment in the form of counseling, anger management classes, and low doses of psychotropic medications (Exhibits 5F, 6F); with WAIS-IV intelligence testing (Exhibit 6F, page 16); with normal mental status exams (MSE WNL) at the Vets Center (Exhibits 4F; 5F; 6F, pages 15-16, 70-71); with Doctors Summerlin's and Blackmon's opinions (Exhibits 2A, 4F); and claimant's activities of daily living (Exhibit 4E, 4F)."  (R. 13.)

Based on the record before this court, it is evident that the ALJ considered the factors set forth in the regulations and, consistent with the law of this circuit, articulated good cause for not giving Dr. Huggins's opinion substantial weight. Specifically, he noted:

> [Dr. Huggins's] opinion is simply inconsistent with the overall record. For example, [he] indicates that the claimant is markedly limited in her ability to make simple work-related decisions and to sustain an ordinary routine without special supervision. This is inconsistent with the fact that the claimant lives alone, carries out her activities of daily living unassisted, and has custody of a very young child who requires constant supervision. He indicates that the claimant is markedly limited in her ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. And yet, various mental health professionals in this case have observed the claimant to be pleasant, cooperative, neatly groomed with adequate hygiene (Exhibits 4F, page 3; Exhibit 6F, pages 15, 70). He indicates that the claimant is markedly limited in her ability to travel to unfamiliar places or use public transportation. And yet, in June 2012, the claimant and her daughter took a air flight [sic] to Idaho to see her daughter's paternal grandparents, apparently for three weeks (Exhibit 5 F, pages 16-18).

(R. 23.)  Dr. Huggins's opinion was conclusory (it consisted of items checked on a survey), inconsistent with his treatment notes, and not bolstered by the other medical evidence.[2] *See Lewis*, 125 F.3d at 1440 ("Good cause" exists when opinion is conclusory, inconsistent with the physician's own medical records, or not bolstered by the other evidence); 20 C.F.R. § 416.927(c)(2) (opinion must be "'well-supported' by medically

---

[2] Ms. Little asserts that the ALJ improperly downplayed a neuropsychological evaluation performed by Dr. Kristine Lokken, which would have supported Dr. Huggins's assessment had it been properly considered. (Doc. 4 at 13.)  The court finds such assertion to be unfounded. To the contrary, the ALJ thoroughly covered Dr. Lokken's findings in his decision. (R. 20-21.)

acceptable clinical and laboratory diagnostic techniques," and "not inconsistent with the other substantial evidence to receive controlling weight"). Therefore, because this court does not "reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner," *Martin,* 894 F.2d at 1529, the court finds the ALJ had good cause for declining to give Dr. Huggins's opinion substantial weight, and committed no reversible error.

### 2. The VA Disability Rating

Ms. Little also alleges that the ALJ erred by failing to mention the compensation and pension exam ("C&P exam") for post traumatic stress disorder in his opinion, as well as her 70% service connected disability rating. (Doc. 4 at 13.) The Commissioner concedes that "the ALJ's decision did not explain the weight the ALJ gave the VA's notation of Plaintiff's 70% service connected disability," but argues that the ALJ implicitly addressed the VA rating by "rel[ying] on the VA records and referenc[ing] the disability ratings, in addition to the rest of the relevant evidence," which is adequate in this Circuit. (Doc. 6 at 18 (*citing Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009)).

"A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight." *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981) (*citing Epps v. Harris*, 624 F.2d 1267, 1274 (5th Cir. 1980)); *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972). Because decisions such as

agency disability determinations may provide insight about a claimant's impairments, the Commissioner should evaluate those decisions and explain the consideration given. *See* Social Security Ruling ("SSR") 06-03p; 20 C.F.R. §404.1512(b)(5).

In the instant case, Ms. Little's 70% service connected disability rating is noted throughout her medical records. Additionally, a C&P exam was performed on June 12, 2012, by Clinical Psychologist, Karen Clark, in which her disability rating is noted. (R. 60-71.) Dr. Clark also noted:

> Veteran's symptoms are causing moderate to severe impairments in occupational functioning. Veteran likely would have significant difficulty working in position that involved even minimal contact with other people. Furthermore, she likely would have problems tolerating a work environment that was noisy. She also would likely have difficulty tolerating a position that involved even mild to moderate levels of stress. She would likely have difficulty adapting to any changes in the workplace. Her problems with attention/concentration may also impact her ability to complete tasks correctly and efficiently.
>
> At this time, veteran's symptoms likely make it difficult for her to obtain or maintain gainful employment. However, veteran is not likely permanently unemployable. Veteran's symptoms may improve with continued participation in treatment and she may be able to be employed in the future. Recommend her employability status be re-evaluated in several years.

(R. 427.) The ALJ makes no mention in his decision of Ms. Little's service connected disability rating or Dr. Clark's assessment. Although the ALJ's decision is otherwise thorough and well-reasoned, the court cannot assess the weight given to this evidence when the decision doesn't acknowledge the same.

Although the Commissioner is correct that the ALJ "may implicitly address a VA disability rating by 'rely[ing] on the VA records and referenc[ing] the disability ratings, in addition to the rest of the relevant evidence" (doc. 6 at 18 (citing *Kemp*, 308 F. App'x at 426)), the court finds this case distinguishable. In *Kemp*, although the ALJ did not specifically state the weight given the VA disability rating, "the ALJ continuously refers to the VA's evaluations and disability rating throughout the evaluation process," and "gave specific reasons for why the VA's 30% disability rating based on PTSD did not qualify the condition as a severe impairment under the SSA guidelines." *Kemp*, 308 Fed. App'x at 426. In the instant case, the ALJ did not discuss the weight given to the VA disability rating. Although the court is not convinced that consideration of the VA rating or Dr. Clark's assessment would change the result, it is convinced that failure to consider the evidence at all is in error. As such, the case is due to be remanded to the Commissioner for proper consideration of the VA disability determination.

## **CONCLUSION**

For the reasons set forth herein, the Commissioner's decision is due to be remanded for consideration of Ms. Little's VA disability determination. An order in accordance will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 23rd day of March, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE